**Hanover Architectural Products Inc. v.
U.S. Filter/JWI Inc.**

408

C.P. of Adams County, no. 05-S-436.

*Paul W. Minnich,* for plaintiff.
*Ralph A. Finizio,* for defendant.

GEORGE, *J.,* March 27, 2006—U.S. Filter's preliminary objections to Hanover Architectural Products Inc.'s complaint are currently before the court. The procedural history of this matter is more specifically set forth in a previous order of court and will not be repeated herein.

U.S. Filter's initial preliminary objection contends that Hanover Architectural's claim for breach of an implied

warranty (Count 3 of the complaint) cannot be sustained because Hanover Architectural has expressly disclaimed such warranty. Hanover Architectural's cause of action in this regard is based upon the implied warranties of merchantability and fitness for a particular purpose, which arise in commercial transactions by operation of law. See *Strickler v. Peterbilt Motors Co.,* 2005 U.S. Dist. LEXIS 10231, 12-13, civil action no. 04-3628 (E.D. Pa. May 27, 2005). Implied warranties may be disclaimed by the seller provided that the disclaimer is in writing and conspicuous. 13 Pa.C.S. §2316(b); *Strickler,* 2005 U.S. Dist. LEXIS 10231 at 13. Additionally, if the disclaimer excludes the implied warranty of merchantability, or any part of it, the language of the disclaimer must mention merchantability. *Id.*[1]

In its brief, Hanover Architectural conceded that the disclaimer contained in the purchase documents was in writing and sufficiently conspicuous. The court, therefore, will not address this issue as Hanover Architectural has represented to the court that the cause of action based upon breach of implied warranties has voluntarily been

1. The implied warranties of merchantability and fitness for a particular purpose are distinct warranties. The implied warranty of merchantability is "a warranty that the goods will pass without objection in the trade and are fit for the ordinary purposes for which such goods are used." *Moscatiello v. Pittsburgh Contractors Equipment Company,* 407 Pa. Super. 363, 368, 595 A.2d 1190, 1193 (1991), citing 13 Pa.C.S. §2314, *appeal denied,* 529 Pa. 620, 602 A.2d 860 (1992). An implied warranty warrants that "goods [are] fit for a particular purpose [and] exists . . . where the seller at the time of contracting has reason to know of such purpose and of the buyer's reliance upon the seller's skill or judgment to select or furnish goods that are suitable for such purpose." *Borden Inc. v. Advent Ink Company,* 701 A.2d 255, 258 (Pa. Super. 1997) (citing 13 Pa.C.S. §2315).

withdrawn. Accordingly, U.S. Filter's preliminary objection concerning this issue is granted and Count 3 of the complaint is dismissed.

The second preliminary objection raised by U.S. Filter demurs to Hanover Architectural's cause of action based upon a breach of express warranty. U.S. Filter argues that Hanover Architectural seeks relief based upon an alleged express warranty not enunciated in the sale documents. Specifically, U.S. Filter notes that the complaint alleges a breach of the express warranty to "filter the water from the sludge produced during [Hanover Architectural's] manufacturing process and compress the sludge into cakes for easy disposal." See complaint at paragraph 22. U.S. Filter claims, however, that the contract attached to the complaint contains no such warranty.

Undoubtedly, a cause of action based upon a breach of an express warranty cannot exist when there was never any representation warranting specific expectations. *Beckermeyer v. AT&T Wireless & Panasonic Telecomm. Sys. Co.,* 2005 Phila. Ct. Com. Pl. LEXIS 30, 9-10, civil action no. 00469 (October 22, 2004). In reviewing the documents that form the subject of this litigation, I note that the first page of those documents indicates that U.S. Filter intended to provide an "automatic filtration process/automatic discharge operation" system including a "filter press," and had operating specifications of producing cakes at a thickness of 1.25 inches. Hanover Architectural currently claims that the system purchased does not serve this purpose. I find that the allegations in the complaint are sufficient to survive a demurrer.

The paramount goal of contractual interpretation is to ascertain and give effect to the intent of the parties. *PBS Coals Inc. v. Burnham Coal Company,* 384 Pa. Super. 323, 328, 558 A.2d 562, 564 (1989). In determining this intent, the court looks to what the parties have clearly expressed, for the law does not assume that the language of the contract was chosen carelessly. *Id.* Section 2313 of the Uniform Commercial Code provides that "any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." 13 Pa.C.S. §2313. The language referenced above creates the warranty that Hanover Architectural currently seeks to enforce.

Nevertheless, U.S. Filter suggests that language in the contract limiting liability to defects in "material or workmanship" serves to defeat Hanover Architectural's claim. I disagree. The Uniform Commercial Code specifically addresses this argument by indicating that: "[w]ords or conduct relevant to the creation of express warranty and words or conduct tending to negate or limit warranty shall be construed whenever reasonable as consistent with each other . . . ." 13 Pa.C.S. §2316(a). Our appellate courts have determined that the purpose of this section is "to protect a buyer from unexpected and unbargained language of disclaimer by denying effect to such language when inconsistent with language of express warranty." *Morningstar v. Hallett,* 858 A.2d 125, 131 (Pa. Super. 2004).

Initially, I find nothing in the language cited by U.S. Filter that is inconsistent with Hanover Architectural's claim of express warranty. The language cited by U.S. Filter's warranty specifically reinforces that the seller

warranted that the equipment would conform to the description provided by the seller. A fair reading of the complaint indicates that the equipment purchased from U.S. Filter does not perform as expressly represented due to a defect in the equipment. Thus, to the extent that the language cited by U.S. Filter seeks to shield U.S. Filter from this claim, I conclude that it is insufficient to disclaim the express warranty. Therefore, U.S. Filter's preliminary objection on this basis will be denied.

Next, U.S. Filter objects to Count 1 of the complaint alleging that the complaint fails to state a cause of action for breach of contract. "Preliminary objections, the end result of which would be dismissal of a cause of action, should be sustained only in cases that are clear and free from doubt." *League of Women Voters of Pennsylvania v. Commonwealth,* 692 A.2d 263, 267 (Pa. Commw. 1997). Because of the nature of a demurrer, all well-pled material facts, as well as all reasonable inferences deducible therefrom, are admitted. *Peerless Publications Inc. v. County of Montgomery,* 656 A.2d 547, 550 (Pa. Commw. 1995). In reviewing Hanover Architectural's complaint, it is not clear and free from doubt that Hanover Architectural failed to state a viable cause of action. A commonsense reading of the complaint indicates that Hanover Architectural contracted with U.S. Filter to purchase a water filtration system compatible with the needs of Hanover Architectural. The complaint further alleges that U.S. Filter failed to provide a filtration system that could be utilized by Hanover Architectural. These basic elements, if true, are sufficient to sustain a cause of action. Accordingly, U.S. Filter's preliminary objection on this basis will be denied.

The final preliminary objection filed by U.S. Filter seeks to strike damages claimed in the complaint and to limit damages to the contract price that Hanover Architectural paid for the equipment. In support of the objection, U.S. Filter points to the following contractual language:

"Seller shall not be liable for any consequential, incidental, special, punitive, or other indirect damages, and seller's total liability arising at any time from the sale or use of the equipment shall not exceed the purchase price paid for the equipment. These limitations apply whether the liability is based on contract, tort, strict liability or any other theory."

Under Pennsylvania law, contractual provisions limiting liability "for special, indirect and consequential damages in a commercial setting are generally valid and enforceable." *New York State Electric and Gas Corporation v. Westinghouse Electric Corporation,* 387 Pa. Super. 537, 548, 564 A.2d 919, 924 (1989). Pursuant to 13 Pa.C.S. §2719(c), parties may limit consequential damages unless the limitation is unconscionable or the limited remedy fails of its essential purpose.[2]

The doctrine of unconscionability is both a statutory and a common-law defense to the enforcement of an allegedly unfair provision in a contract. *Wagner v. Estate of Rummel,* 391 Pa. Super. 555, 561, 571 A.2d 1055, 1058 (1990), *allocatur denied,* 527 Pa. 588, 588 A.2d 510 (1991). An exclusion in a contract is unconscionable

---

2. Hanover Architectural does not challenge the contractual limitation of damages on the basis that the language is inconspicuous. The court will, therefore, not consider that issue.

where (1) one of the parties to the contract lacked a meaningful choice about whether to accept the provision at issue and (2) the challenged provision unreasonably favors the other party to the contract. *Koval v. Liberty Mutual Insurance Company,* 366 Pa. Super. 415, 423-24, 531 A.2d 487, 491 (1987). Critically, appellate courts in Pennsylvania "have refused to hold contracts unconscionable simply because of a disparity in bargaining power" between the parties. See *Witmer v. Exxon Corporation,* 495 Pa. 540, 551, 434 A.2d 1222, 1228 (1981). In determining whether a clause is unconscionable, it is important to consider "the general commercial background and the commercial needs of a particular trade" and whether "the clause is so one-sided that it is unconscionable under the circumstances." *Borden Inc. v. Advent Inc.,* 701 A.2d 255, 264 (Pa. Super. 1997). Normally, the determination of whether a clause in a contract is unconscionable is a question of law for the court. *Koval, supra* at 425, 531 A.2d at 491; *Denlinger Inc. v. Dendler,* 415 Pa. Super. 164, 176, 608 A.2d 1061, 1067 (1992). Therefore, "a court may conclude, as a matter of law, that a contract . . . is enforceable regardless of an allegation of unconscionability, as long as there is no genuine issue of material fact." *Bishop v. Washington,* 331 Pa. Super. 387, 399, 480 A.2d 1088, 1094 (1984).

In light of this instruction from our appellate courts, it is premature at this stage of the litigation to limit Hanover Architectural's claim for damages. Although the validity of any claim by Hanover Architectural as to the lack of a meaningful choice in accepting the contract provision is doubtful, the fact remains that the record is void of any meaningful information in this regard. The con-

tract also raises the issue of whether the provision in dispute unreasonably favors U.S. Filter. For instance, Hanover Architectural points out that the items for which it seeks consequential damages in excess of the purchase price were items that were actually required by the contract with U.S. Filter in order to avoid waiver of the warranties. As the facts in this matter are more fully developed, Hanover Architectural may be able to establish that the provision is unreasonable because it requires a purchaser to install specific equipment to preserve certain warranty clauses, yet limit its remedies for breach to an amount less than the funds expended by a purchaser to keep the warranties active. Once the facts are flushed out, the court will be able to make a decision as to whether the contract is unconscionable.

Since this issue is not "clear and free from doubt," the preliminary objection will be denied. Once the record is further developed, U.S. Filter may properly seek reconsideration through dispositive pretrial motions.[3]

---

3. Hanover Architectural has not challenged that the limited remedy set forth in the contract has "failed of its essential purpose." Even had such an argument been advanced, it would be meritless. The validity of a consequential damage limitation depends on the effectiveness of the limited remedy. If the limited remedy fails, the consequential damage exclusion is unenforceable. *Caudill Seed and Warehouse Co. v. Prophet 21 Inc.,* 123 F. Supp.2d 826, 831-32 (E.D. Pa. 2000) (predicting how Pennsylvania Supreme Court would rule on this issue). Precedent in this area finding limitation clauses unenforceable as failing in the essential purpose arose where the warranty was limited to the repair or replacement of parts and such repair or replacement could not be accomplished. The instant warranty provides the additional remedy of refund of the purchase price. Under this scenario, a buyer is still receiving an obtainable "silver bullet" in exchange "for parting with an arsenal of legal remedies." *Id.* at 832.

For the foregoing reasons, the attached order is entered.[4]

## ORDER

And now, March 27, 2006, it is hereby ordered that Count 3 of the complaint alleging a cause of action based upon breach of implied warranty is stricken and that cause of action is dismissed. All remaining preliminary objections raised by the defendant are denied.

---

4. In light of the disposition herein, it is not necessary to reach Hanover Architectural's argument that the warranty language is susceptible to two interpretations and must be strictly construed against U.S. Filter as the drafting party. I note that paragraph 6 of the Standard Terms of Sale excludes from warranty "any equipment that is specified or otherwise demanded by buyer and is not manufactured *or selected* by seller . . . ." (emphasis added) At first glance, it would appear that this language implies that the equipment not manufactured by U.S. Filter would be included by implication in the warranty coverage. Consistent interpretation may very well bring these same items within the coverage of the limited damages provisions. That issue, however, need not currently be resolved.